**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HEIDI S. HOWARD,

Plaintiff,

v. Case No. 3:14-cv-605-J-34JBT

SECRETARY OF THE ARMY and
DEPARTMENT OF THE ARMY,

Defendants.
_____________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Defendants Secretary of the Army and Department of the Army's Motion to Dismiss Amended Complaint (Doc. 18; Motion) filed on December 4, 2014. On February 3, 2015, Plaintiff Heidi Howard ("Howard"), who is proceeding pro se, filed a document entitled "MOTION to file a rewrite for the Dept of Justice" (Doc. 22; Response), which the Court construes to be Howard's response to the Motion.

**I. Procedural History**

On January 6, 2014, Howard filed a petition with the Eleventh Circuit Court of Appeals. See Order on Petitions for Review of Decisions of the Equal Employment Opportunity Commission (Doc. 3; Transfer Order). Upon review of the filing, a panel of Eleventh Circuit judges transferred the action to this Court on May 19, 2014. See id. Subsequently, in response to orders issued by the assigned Magistrate Judge, Howard filed an amended complaint (Doc. 9) on June 30, 2014, and another amended complaint (Doc. 11; Amended Complaint) on August 5, 2014. The August 5, 2014 Amended Complaint is now the operative pleading in this action. Although not a model of clarity, in

her Amended Complaint, Howard alleges that Defendants discriminated and retaliated against her during the course of her employment and following her termination. See Amended Complaint at 3-6. She references an appeal of an Equal Employment Opportunity Commission ("EEOC") decision. See id. at 3. However, she does not attach a copy of the decision to the Amended Complaint.

In the Motion, Defendants argue that Howard's Amended Complaint must be dismissed because Howard failed to file suit within the time required by law. See Motion at 3-4. Specifically, Defendants assert that to pursue her claims Howard was required to file suit within 90 days of her receipt of a right to sue letter from the EEOC. See id. at 3 (citing 42 U.S.C. § 2000e-1b(c); 29 C.F.R. § 1614.407(c)). Defendants contend that the EEOC mailed Howard a decision containing her notice of right to sue ("NORTS") on September 26, 2013, and that Howard is presumed to have received that letter within five calendar days, or by October 1, 2013. See id.; Ex. C, Complainant, EEOC DOC 0520130385, 2013 WL 5876889, at *2 (Sept. 26, 2013) (denying Howard's request for reconsideration of a prior EEOC decision rendered in April of 2013). Because Howard did not commence this action within 90 days of October 1, 2013, Defendants assert that the action is due to be dismissed. See id. at 3-4. Howard filed a Response to the Motion on February 3, 2015. However, rather than address Defendants' arguments regarding the timeliness of her suit, Howard simply reiterates the claims she seeks to pursue in this action. See generally Response.

## II. Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set

forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Thompson v. RelationServe Media, Inc., 610 F.3d 628, 631 n.5 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 129

S. Ct. at 1949, 1951. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)[1] (internal citation omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010)).

**III. Analysis**

Preliminarily, the Court observes that Howard does not allege the date on which she received the EEOC decision which she challenges anywhere in her Amended Complaint, nor does she attach the EEOC decision to her Amended Complaint. Nevertheless, Defendants have attached a letter from the EEOC addressed to Howard and dated September 26, 2013, as an exhibit to their Motion. See Motion Ex. C. (EEOC Decision Letter). Defendants explain:

> This copy of the September 26, 2013 EEOC letter was retrieved from the Record on Appeal filed by Plaintiff in her original action. See Howard v. Sec'y of the Army, No. 14-10076-F (11th Cir. May 19, 2014).

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Id. at 3, n.3. The EEOC Decision Letter references "Appeal No. 0120130526" and reads, in part:

> Complainant timely requested reconsideration of the decision in Heidi S. Howard v. Department of the Army, EEOC Appeal No. 0120130526 (April 2, 2013). . . . In our previous decision, the Commission affirmed the Agency's dismissal of Complainant's formal EEO complaint alleging discrimination on the bases of race, national origin, age, and reprisal for prior protected activity. We found that Complainant's claims that the Agency discriminated against her on April 4, 2012, when she received a letter regarding her military discharge record, and in February 2012 when the Agency made a correction to her discharge record, changed the reasons for her discharge, discharged her, and subjected her to harassment for twenty years failed to state a claim. . . . We further found that Complainant's claim that officials made retaliatory remarks about her in February, March, and April 2012 failed to state a claim . . . We noted that Complainant had not been an Agency employee for more than fourteen years, that she suffered no direct harm as a result of the alleged remarks, and that the alleged remarks appeared to relate to the Agency's actions regarding her military status.

Motion Ex. C. The EEOC's explanation of its decision was followed by:

> COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)
>
> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. . . .
>
> CERTIFICATE OF MAILING
>
> For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below . . . Sep[tember] 26 2013.

Id. Because Defendants are relying on the EEOC Decision Letter which is outside the four corners of the Amended Complaint in seeking dismissal, the Court must first

determine whether the September 26, 2013 EEOC Decision Letter containing a NORTS which is attached to the Motion can be used to establish the date upon which the 90 day period for Howard to commence a civil action began to run.

**A. Consideration of Materials Outside the Complaint**

Generally, if a district court considers information beyond what is alleged in or appended to a plaintiff's complaint in ruling on a motion to dismiss, the Court must convert the motion to dismiss to a motion for summary judgment.[2] See FED. R. CIV. P. 12(d); Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, the Eleventh Circuit has held that a court may consider a document attached to a motion to dismiss without converting the motion to one for summary judgment "if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); see also Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc., 932 F.Supp.2d 1336, 1344 (S.D. Fla. 2013); Speaker v. U.S. Dep't of Health and Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010); Day, 400 F.3d at 1275-76. The court explained that as used in this context the word "undisputed" "means that the authenticity of the document is not challenged." Horsley, 304 F.3d at 1134. Additionally, a document is "central" to a plaintiff's claim when it is at the very heart of the claim. See International Brotherhood of Teamsters, 932 F.Supp.2d at 1344; Day, 400 F.3d at 1276.

In Day, the plaintiff argued that the district court erred in considering a contract attached to the defendant's responses to the motion to dismiss without converting the motion to one for summary judgment. See Day, 400 F.3d at 1276. The Eleventh Circuit

[2] Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

rejected the argument explaining that the contract was "central to the plaintiff's claim," because not only was it necessary to the plaintiff's efforts to make out a claim in an antitrust action, but it was at the very heart of the plaintiff's claim. See id. Additionally, the court noted that the contents of the contract were undisputed. See id.

In this case, the September 26, 2013 EEOC Decision Letter is central to Howard's claim. Like Day, the letter is not only necessary for Howard to pursue her claim, but is at the heart of her claim, as the letter is the very basis of her petition to this Court. See id.; Horsley, 304 F.3d at 1133-35. While Howard did not attach the letter itself to her Complaint, she does reference it several times. See Complaint at 3. Several courts have noted that a plaintiff's reference to a document in his or her complaint is evidence of the document's centrality. See Sieger Suarez Architectural P'ship, Inc. v. Arquitectonia Intern. Corp., 998 F.Supp.2d 1340, 1349 (S.D. Fla. 2014); see also Gonzalez v. Watermark Realty Inc., No. 09-60265-CIV, 2010 WL 1299740, at *2 (S.D. Fla. Mar. 30, 2010) (finding the centrality requirement had been met when the plaintiff repeatedly referred to the document in his complaint and neither party disputed the document's authenticity). Similarly, here Howard's references to the EEOC Decision Letter serve as evidence of the centrality of the letter, as well as the fact that its contents are undisputed. See Sieger, F.Supp.2d at 1349; Horsley, 304 F.3d at 1133-35. Indeed, the authenticity of the letter has not been questioned by either party. As such, this Court may rely upon the September 26, 2013 EEOC Decision Letter in ruling on the Motion without converting it into one for summary judgment.

In the alternative, this Court may take judicial notice of the EEOC decision letter as a matter of public record. See Prewitt v. Continental Automotive, 927 F.Supp.2d 435,

447 (W.D. Tex. 2013); see also Hodge v. Miami Herald Co., No. 08-20633-CIV, 2008 WL 4180012, at *2 (S.D. Fla. Sept. 10, 2008); Mann v. Green, No. CV407-140, 2008 WL 1766779, at *1 n.2 (S.D. Ga. Apr. 17, 2008). "Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested." Gallo v. Bd. of Regents of Univ. of Cal., 916 F.Supp. 1005, 1007 (S.D. Cal. 1995). As such, this Court may take judicial notice of the EEOC decision letter without transforming the motion to dismiss into a motion for summary judgment. See Funk v. Stryker Corp., 631 F.3d 777, 780 (5th Cir. 2011). Accordingly, this Court will consider the September 26, 2013 EEOC Decision Letter and its contents in resolving the Motion and will not convert the Motion to one for summary judgment.

**B. Ninety-Day Filing Requirement**

Under Title VII of the Civil Rights Act of 1964 ("Title VII"), a civil action must be filed in the district court within 90 days of the claimant's receipt of an EEOC decision letter. See 42 U.S.C.A. § 2000e-16(c); 42 U.S.C.A. § 2000e-5(f)(1); Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984). This 90 day limitation period begins to run upon the claimant's actual receipt of the EEOC decision letter, and not upon the issuance of the letter. See Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("[S]tatutory notification is complete only upon actual receipt of the suit letter") (citations omitted). However, when the actual date of receipt is unknown, the court may apply a presumption of receipt. See Baldwin County Welcome Center, 466 U.S. at 148, n. 1. Indeed, in Baldwin the Supreme Court applied the three-day period for mailing set

forth in Rule 6[3] to determine the date on which a plaintiff's 90 day period to commence a civil action under Title VII began to run. Id. at 148, n. 1. In doing so the Court noted that the NORTS was issued to the plaintiff on January 27, 1981, and thus "[t]he presumed date of receipt of the [NORTS] was January 30, 1981." Id. (citing FED. R. CIV. P. 6(d)).

Although the Eleventh Circuit has applied a three-day presumption of receipt in cases such as this, in doing so the court cautioned that a determination of when the 90 day period begins to run in a particular case must be made on a case-by-case basis. Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005) (quoting Zillyette, 179 F.3d at 1340). The Court explained that such an approach is necessary "to fashion a fair and reasonable rule for the circumstances of each case." Id. (citations omitted). Notably, however, when a defendant challenges the timeliness of a complaint, the plaintiff bears the burden to show that he or she has satisfied the requirement of timely filing. Id. at 951. Indeed, in Kerr the court noted, "Receipt is presumed when a complainant is unable to show that her failure to receive a [NORTS] letter was in no way her fault." Id. at 952.

In this case, Howard's claims must be dismissed as untimely. See 42 U.S.C.A. § 2000e-16(c); 42 U.S.C.A. § 2000e-5(f)(1). The September 26, 2013 EEOC Decision Letter containing her NORTS reflects that the document was mailed to her on September 26, 2013. This letter plainly stated, "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the

[3] In Baldwin, the Court referred to the three-day period set forth in Rule 6(e). Baldwin, 466 U.S. at 148, n. 1. In the 2007 amendments to the Rules, the drafters moved the provision adding three additional days to a response period following certain methods of service from Rule 6(e) to Rule 6(d). See Palmyra Park Hosp., Inc. v. Phoebe Putney Memorial Hosp., Inc., 688 F.Supp.2d 1356, 1360, n. 6 (M.D. Ga. 2010). Thus, the Court will refer to Rule 6(d) in resolving the Motion.

date that you receive this decision." Motion Ex. C. Regardless of whether the Court applies the EEOC's five-day presumption of receipt, see Motion Ex. C., or a three-day presumption of receipt pursuant to Rule 6(d), the 90 day limitations period expired on December 30, 2014,[4] see Baldwin County Welcome Center, 466 U.S. at 148, n.1. Howard has not contested the date Defendants contend she received the letter, nor has she attempted to refute the presumption of receipt. As such, Howard has not met her burden. See Kerr, 427 F.3d at 952. Howard did not file her Complaint until January 6, 2014, after the expiration of the limitations period. Thus, her suit appears to be untimely.

Although Howard has not urged the Court to excuse her late filing, in light of her pro se status the Court has, in an abundance of caution, considered whether she is entitled to the benefit of equitable tolling. While the 90 day limitations period for filing a Title VII action may be subject to equitable tolling, the Supreme Court has instructed that such tolling is to be utilized sparingly. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990). Moreover, Howard bears the burden of establishing "the extraordinary circumstances" that warrant the application of equitable tolling. Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661-62 (11th Cir. 1993); see also Williams v. Georgia Dep't of Defense Nat'l Guard Headquarters, 147 F. App'x 134, 136 (11th Cir. 2005). In Irwin, the Supreme Court noted:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

[4] When applying Rule 6(a) where a period expires on a weekend or legal holiday, the period continues to run until the next day that is not a weekend or holiday. Applying Rule 6(a), even if the Court utilizes a three-day period for presumed receipt, the period to file expired on December 30, 2015.

Irwin, 489 U.S. at 96 (citations omitted); see also Zillyette, 179 F.3d at 1339-40 (affirming dismissal of a pro se plaintiff's complaint when he filed it eight days after the 90 day deadline expired because he delayed picking up the EEOC letter from the Post Office). As such, to be entitled to the benefit of equitable tolling, a plaintiff must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Here, Howard has not provided a reason for her delay in filing, much less a reason that rises to the level required to warrant the extraordinary remedy of equitable tolling. See Ross, 980 F.2d at 661-62; Irwin, 489 U.S. at 96; Kerr, 427 F.3d at 951-52. Thus, Defendants' Motion is due to be granted and this action dismissed.

In consideration of the foregoing the Court finds that Howard failed to file her Complaint within the time required by Title VII and that she has failed to carry her burden of establishing that she is entitled to the remedy of equitable tolling.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Secretary of the Army and Department of the Army's Motion to Dismiss Amended Complaint (Doc. 18) is **GRANTED**.

2. This case is **DISMISSED**.

3. The Clerk of Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of July, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

i31
Copies to:

Counsel of Record

Pro Se party